# Exhibit B

**12-Person Jury**

FILED
12/11/2018 11:48 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 12/11/2018 11:48 PM 2018L013294

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| WELLY CHANDRA, individually, and as Special Administrator of the Estate of LIU CHANDRA, Deceased.<br><br>*Plaintiff,*<br><br>v.<br><br>THE BOEING COMPANY, a corporation,<br><br>*Defendant.* | No. 2018L013294<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Plaintiff, WELLY CHANDRA, individually, and in his capacity as Special Administrator of the Estate of LIU CHANDRA, deceased, by his attorneys, BartlettChen LLC, Ribbeck Law Chartered, and Colson Hicks Eidson, P.A., brings this Complaint at Law against the Defendant, THE BOEING COMPANY, and in support, alleges the following:

## INTRODUCTION

1. On Monday, October 29, 2018, a newly-delivered Boeing 737 MAX 8 commercial aircraft crashed in the Java Sea off the coast of Indonesia killing everyone on board. The Boeing 737 MAX 8 was being operated by the Lion Air airline as Lion Air Flight 610.

2. The newly-delivered Boeing 737 MAX 8 crashed as a result of, among other things, a new Boeing flight control system which automatically steered the aircraft toward the ground, and which caused an excessive nose-down attitude, significant altitude loss, and, ultimately, the crash into the Java Sea killing everyone on board.

## SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction over all justiciable controversies. Plaintiffs elect to pursue all maritime claims in this Court under the Savings-to-Suitors Clause. *See* 28 U.S.C. § 1333.

## PARTIES & VENUE

4. Plaintiff Welly Chandra is a resident of Indonesia and has been appointed by this Court as the special administrator and personal representative of the estate of his father, Liu Chandra, deceased. At all relevant times, Liu Chandra, deceased, was a resident of Indonesia.

5. The Boeing Company ("Boeing") is a corporation organized under the laws of Delaware with its worldwide headquarters and principal place of business in Chicago, Illinois.

FILED DATE: 12/11/2018 11:48 PM 2018L013294

## GENERAL ALLEGATIONS

**I. Boeing 737 MAX 8 Design & Manufacture**

6. Boeing's 737 series of aircraft is the highest selling commercial aircraft in history with over 10,000 aircraft delivered.

7. Boeing's 737 MAX series is the fourth generation of the Boeing 737 series of aircraft and was first announced by Boeing on August 30, 2011; the first flight was several years later, on January 29, 2016.

8. Prior to March 8, 2017, Boeing designed the 737 MAX 8 model aircraft in the United States.

9. On March 8, 2017, the Federal Aviation Administration ("FAA") approved the design for the 737 MAX 8 model aircraft, also known as the 737-8.

10. At all relevant times, Boeing manufactured the 737 MAX 8 model aircraft in the United States.

11. The 737 MAX 8 is one of Boeing's several 737 MAX series of aircraft, the newest generation of Boeing's 737 series of aircraft, which Boeing initially designed, in the United States, in or around 1964—over 50 years ago.

12. According to Boeing, as part of its generational redesigns of the 737 series of aircraft, it "has continuously improved the products, features, and services."

FILED DATE: 12/11/2018 11:48 PM 2018L013294

13. At all relevant times, Boeing marketed the 737 MAX aircraft as a seamless continuation of its prior 737 series aircraft in terms of operation and maintenance.

14. On its website, Boeing states:

> Airlines ask for an airplane that fits smoothly in today's fleet
>
> Because of the 737's popularity with airlines everywhere around the world, integrating the new 737 MAX is an easy proposition. As you build your 737 MAX fleet, millions of dollars will be saved because of its commonality with the Next-Generation 737, ease of maintenance, wide availability of 737 pilots, and the global infrastructure that supports the aircraft in operation.[1]

On the same website, Boeing further states that "*737 Flight Crews Will Feel at Home in the MAX.*"[2] (emphasis added.)

15. The Boeing 737 MAX 8, however, had a significantly different design from previous 737-series aircrafts, which as *The Wallstreet Journal* reported were not appropriately disclosed to airlines or pilots.

## II. Boeing 737 MAX 8 Defect

16. Unlike any prior 737, Boeing designed the 737 MAX 8 to automatically dive toward the ground in certain situations, namely, where the aircraft's flight sensors provided information indicating such a dive was necessary to maintain lift.

17. A consequence of this unsafe design, however, was that any misinformation from those flight sensors would cause the Boeing 737 MAX 8

---

[1] https://www.boeing.com/commercial/737max/by-design/#/operational-commonality
[2] https://www.boeing.com/commercial/737max/by-design/#/advanced-flight-deck

4

to automatically and erroneously dive toward the ground even when the aircraft is being flown manually by the pilots. This condition can lead to an excessive nose-down attitude, significant altitude loss, and possible impact with terrain.

### III. Lion Air Flight 610

18. In or around August 2018, Boeing delivered a newly manufactured 737 MAX 8 aircraft with tail number PK-LQP (the "Subject Aircraft") to Lion Air airlines in Indonesia.

19. Two months later, on the morning of October 29, 2018, Lion Air was operating the Subject Aircraft on a commercial flight from Jakarta, Indonesia to Pangkal Pinang, Indonesia ("Lion Air Flight 610").

20. Around 6:22 a.m. on the morning of October 29, 2018, shortly after takeoff from Jakarta, the pilot for Lion Air Flight 610 asked air traffic control to return to Jakarta because of a problem controlling the subject aircraft.

21. Around 10 minutes later, around 6:32 a.m., the Subject Aircraft crashed into the Java Sea at a high speed and disintegrated.

22. Plaintiff's decedent was onboard Flight 610 and died in the crash.

23. At no relevant time prior to the crash of Lion Air Flight 610 into the Java Sea did Boeing adequately warn Lion Air or its pilots of the unsafe condition caused by the new "auto-diving" design of the 737 MAX 8 flight system.

5

24. As a result of the crash of Lion Air Flight 610, on November 7, 2018, the FAA issued "Emergency Airworthiness Directive (AD) 2018-23-51 [to] owners and operators of The Boeing Company Model 737-8 and -9 airplanes," which contained mandatory warning and instructions as to the "unsafe condition . . . likely to exist or develop" in the 737 MAX 8 relating to its new auto-diving feature.

25. According to reports, prior to the crash of Lion Air Flight 610, Boeing 737 pilots "were not privy in training or in any other manuals or materials" to information regarding "the new system Boeing had installed on 737 MAX jets that could command the plane's nose down in certain situations to prevent a stall."[3] Further reports indicate that Boeing "withheld information about potential hazards with the new flight-control feature."[4]

CAUSES OF ACTION

COUNT I
STRICT PRODUCTS LIABILITY

26. Plaintiff re-adopts and re-alleges paragraphs 1 through 25 above.

27. At the time the Subject Aircraft left the control of Boeing, the Subject Aircraft was defective, not fit for its intended purposes and unreasonably dangerous in one or more of the following particulars:

    a)     the subject aircraft contained an auto-dive system that was designed, manufactured, and configured to dive the

---

[3] https://www.malaymail.com/s/1692841/indonesia-says-situation-facing-lion-air-flight-jt610-crew-not-in-flight-ma

[4] https://www.wsj.com/articles/boeing-withheld-information-on-737-model-according-to-safety-experts-and-others-1542082575

6

FILED DATE: 12/11/2018 11:48 PM 2018L013294

aircraft toward the ground in certain conditions against the pilot's intentions and without adequate warning to the flight crew;

b) the subject aircraft was designed, manufactured, and configured in a manner in which an auto-dive disengage during flight created an excessive and unrealistic work load on the flight crew;

c) the subject aircraft lacked proper and adequate instructions and warnings regarding the design and functions of its auto-dive system;

d) the subject aircraft lacked proper and adequate instructions and warnings and/or limitations regarding flight procedures for a malfunctioning auto-dive system; and,

e) the subject aircraft was otherwise defective by nature of its design, manufacture, configuration, and/or assembly in particulars to be determined by discovery herein.

28. As a direct and proximate result of one or more of the foregoing conditions, the Subject Aircraft operating as Lion Air Flight 610 crashed after takeoff in the Java Sea, and Plaintiff's decedent suffered personal injury and death.

29. Both for himself, individually, and in his capacity as Special Administrator of the Estate of Liu Chandra, deceased, Plaintiff seeks all damages available under the law.

30. Plaintiff is the duly appointed Special Administrator of the Estate of Liu Chandra, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, or such other law as the Court determines to be applicable under the circumstances of this case.

7

WHEREFORE, the Plaintiff, Welly Chandra, as Special Administrator of the Estate of Liu Chandra, deceased, prays that the Court enter judgment in his favor and against the Defendant, The Boeing Company, and award him all damages available under the law, his court costs in this matter, and such other relief as the Court deems just and proper. Plaintiff seeks a sum in excess of the jurisdictional amounts of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT II
## NEGLIGENCE – PRODUCTS LIABILITY

31. Plaintiff re-adopts and re-alleges paragraphs 1 through 25 above.

32. At all relevant times, Boeing owed a legal duty to assure that the Subject Aircraft was properly designed, manufactured, and assembled and free from defects so as not to cause personal injury or death.

33. Boeing breached its duties under the law and was negligent in one or more of the following ways:

   a)   the subject aircraft contained an auto-dive system that was designed, manufactured, and configured to dive the aircraft toward the ground in certain conditions against the pilot's intentions and without adequate warning to the flight crew;

   b)   the subject aircraft was designed, manufactured, and configured in a manner in which an auto-dive disengage during flight created an excessive and unrealistic work load on the flight crew;

   c)   the subject aircraft lacked proper and adequate instructions and warnings regarding the design and functions of its auto-dive system; and,

8

d) Boeing failed to conduct appropriate testing of the subject aircraft's components and systems prior to delivery to Lion Air.

34. As a direct and proximate result of one or more of the aforementioned acts of negligence by Boeing, the Subject Aircraft operating as Lion Air Flight 610 crashed after takeoff in the Java Sea and Plaintiff's decedent sustained fatal injuries.

35. Due to the tragic death of his family member, Plaintiff has suffered pain and has sustained substantial pecuniary losses, including grief, sorrow, mental suffering, loss of society, and loss of companionship, love, and affection.

36. Both for himself, individually, and in his capacity as Special Administrator of the Estate of Liu Chandra, deceased, Plaintiff seeks all damages available under the law.

37. Plaintiff is the duly appointed Special Administrator of the Estate of Liu Chandra, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, or such other law as the Court determines to be applicable under the circumstances of this case.

WHEREFORE, the Plaintiff, Welly Chandra, as Special Administrator of the Estate of Liu Chandra, deceased, prays that the Court enter judgment in his favor and against the Defendant, The Boeing Company, and award him all damages available under the law, his court costs in this matter, and such other relief as the Court deems just and proper. Plaintiff seeks a sum in

excess of the jurisdictional amounts of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT III
## NEGLIGENCE – FAILURE TO WARN

38. Plaintiff re-adopts and re-alleges paragraphs 1 through 25 above.

39. At all relevant times, Boeing had a duty to inform and warn the owners, operators, and pilots of the 737 MAX 8 series of aircraft, including the Subject Aircraft, of the unsafe condition likely to exist or develop by virtue of the auto-dive feature.

40. Boeing breached its duties under the law and was negligent in one or more of the following ways:

   a) the subject aircraft lacked proper and adequate instructions and warnings regarding the design and functions of its auto-dive system;

   b) the subject aircraft lacked proper and adequate instructions and warnings and/or limitations regarding flight procedures for a malfunctioning auto-dive system; and,

   c) the 737 MAX 8 Flight Crew Operations Manual failed to appropriately alert pilots, including the pilots of the subject aircraft, to the design, functions, and hazards of Boeing's auto-dive system and procedures for addressing a malfunctioning auto-dive system.

41. As a direct and proximate result of that breach, the Subject Aircraft operating as Lion Air Flight 610 crashed after takeoff in the Java Sea, and Plaintiff's decedent sustained fatal injuries.

42. Due to the tragic death of his family member, Plaintiff has suffered pain and has sustained substantial pecuniary losses, including grief,

sorrow, mental suffering, loss of society, and loss of companionship, love, and affection.

43. Both for himself, individually, and in his capacity as Special Administrator of the Estate of Liu Chandra, deceased, Plaintiff seeks all damages available under the law.

44. Plaintiff is the duly appointed Special Administrator of the Estate of Liu Chandra, deceased, and brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, or such other law as the Court determines to be applicable under the circumstances of this case.

WHEREFORE, the Plaintiff, Welly Chandra, as Special Administrator of the Estate of Liu Chandra, deceased, prays that the Court enter judgment in his favor and against the Defendant, The Boeing Company, and award him all damages available under the law, his court costs in this matter, and such other relief as the Court deems just and proper. Plaintiff seeks a sum in excess of the jurisdictional amounts of the Law Division of the Circuit Court of Cook County, Illinois.

## JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated: December 11, 2018

        Respectfully submitted,

        **Welly Chandra, Individually, and in his capacity as Special Administrator of the Estate of Liu Chandra, Deceased**

        By: /s/ *Austin Bartlett*
        Austin Bartlett
        **BartlettChen LLC**
        150 North Michigan Avenue, Suite 2800
        Chicago, Illinois 60601
        (312) 624-7711
        www.bartlettchenlaw.com
        Firm ID No. 62570
        Primary email: austin@bartlettchenlaw.com

        By: /s/ *Curtis Miner*
        Curtis Miner (*pro hac vice forthcoming*)
        Francisco Maderal (*pro hac vice forthcoming*)
        **Colson Hicks Eidson**
        255 Alhambra Circle, PH
        Coral Gables, Florida 33134
        (305) 476-7400
        www.colson.com
        Secondary email: curt@colson.com
                              frank@colson.com

        By: /s/ *Manuel von Ribbeck*
        Manuel von Ribbeck
        **Ribbeck Law Chartered**
        505 N. Lake Shore Drive, Suite 102
        Chicago, Illinois 60611
        (833) 883-4373
        www.ribbecklaw.com
        Firm ID No. 42698
        Email: mail@ribbecklaw.com

        *Counsel for Plaintiff*